# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TRAVONTE WILLIAMS, #328607, ) | CIVIL ACTION NO. 9:14-3903-JMC-BM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| WARDEN, PERRY CORR. INST., ) | |
| Respondent. ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on November 3, 2014.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 5, 2015. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 6, 2015, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner filed a memorandum in opposition to summary judgment on February 9, 2015. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As (continued...)



**Procedural History**

Petitioner was indicted in the June 2009 term of the Aiken County Grand Jury for two counts of burglary, first degree [Indictment No. 09-GS-02-1037 & 1038], one count of murder [Indictment No. 09-GS-02-1043], one count of armed robbery [Indictment No. 09-GS-02-1045], and one count of grand larceny [Indictment No. 09-GS-02-1025]. (R.pp. 112-121). During the December 2010 term of the Aiken County Grand Jury, Petitioner was indicted for arson, second degree [Indictment No. 10-GS-02-2016]. (R.pp. 122-123). Petitioner was represented by Kelley P. Brown, Esquire, and on May 31, 2011, pled guilty to all charges with part of the plea providing that he was allowed to plead to the lesser included offense of voluntary manslaughter on the murder charge. (R.pp. 1-38). Petitioner was then sentenced to twenty-five (25) years for voluntary manslaughter, fifteen (15) years for one of the first-degree burglary convictions, consecutive with the voluntary manslaughter sentence, fifteen (15) years for the other first-degree burglary conviction, concurrent with the other burglary charge, fifteen (15) years on the armed robbery charge, concurrent with the burglary sentences, fifteen (15) years on the second-degree arson, concurrent with the burglary sentences, and ten (10) years on the grand larceny conviction, concurrent with the burglary sentences. (R.pp. 36-37).

Petitioner did not appeal his convictions and/or sentences. However, he did file an Application for Post Conviction Relief ("APCR") in state circuit court on May 21, 2012. <u>Williams v. State of South Carolina</u>, No. 2012-CP-02-1247. (R.pp. 39-52). Petitioner raised the following issues in his APCR:

---

[2](...continued)
this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



>**Ground One:** Guilty plea was involuntary - plea was given under duress.
>
>**Ground Two:** Ineffective assistance of counsel - Counsel failed to object to improperly returned indictments.
>
>**Ground Three:** Trial/plea court lack jurisdiction- indictments were returned by grand jury not legally convened.

(R.pp. 47-51).

Petitioner was represented in his APCR by Sonja R. Tate, Esquire, and an evidentiary hearing was held on July 12, 2013. (R.pp. 60-102). On August 19, 2013 (filed on August 28, 2013), the PCR Judge entered a written order denying Petitioner's APCR in its entirety. (R.pp. 103-111).

Petitioner appealed the denial of his APCR, and was represented on his appeal by Lara M. Caudy, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition seeking to be relieved and raising the following issue:

>Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when plea counsel failed to fully advise Petitioner of the maximum sentence he could receive when he pled guilty and where Petitioner testified that he would not have pled guilty if he would have known that he could be sentenced to more than thirty years imprisonment?

See Court Docket No. 15-3, p. 3.

The South Carolina Supreme Court denied certiorari and granted counsel's request to be relieved on September 11, 2014. See Williams v. State, Order dated September 11, 2014. See Court Docket No. 15-5. The Remittitur was sent down on September 29, 2014. See Remittitur (dated September 29, 2014). See Court Docket No. 15-6.

Petitioner then filed this federal habeas corpus petition, raising the following issues:

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).

3



> **Ground One**: Sixth and Fourteenth Amendment were violated Counsel fail to fully advise Petitioner of maximum sentence.
>
> **Supporting Facts**: Counsel fail to object to indictments they were fraudulent where the Grand Jury didn't convene[ ] on the day it was true bill.
>
> **Ground Two**: N/A.
>
> **Supporting Facts**: Involuntary guilty plea.

See Amended Petition, pp. 6, 8.[4]

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondent initially contends that one of the issues raised in Ground One (ineffective assistance of counsel due to failure to fully advise Petitioner of the maximum sentence) was not

---

[4]Petitioner appears to have initially inadvertently omitted the even page numbers of his Petition.  However, on November 10, 2014, an Amended Petition was filed with all of the pages included.



properly raised and ruled upon in his PCR proceeding. Specifically, that although Petitioner arguably raised this issue in his APCR, the PCR court did not rule on the issue and it is therefore procedurally barred from consideration by this Court. (R.pp. 109-111); see Memorandum in Support of Summary Judgment, p. 20. See also Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Respondent is correct that the PCR court's order did not discuss this issue as a separate ground for relief, and only referenced testimony regarding potential sentences in its outline of the testimony from the PCR court hearing. (R.pp. 104-105). Therefore, Petitioner's failure to file a motion to reconsider requesting the PCR Court to specifically address this issue constitutes a default of this claim. See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at *3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner did not file a motion to alter or amend to request a ruling in regard to the issue]. Hence, although this issue was subsequently raised in Petitioner's PCR appeal, it had not been properly preserved for appellate review, and was therefore procedurally barred under South Carolina law. White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for

appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]; cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008).

Further, because Petitioner did not properly raise and preserve this issue in his APCR and state court proceedings, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because this issue was not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now



6

precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner has not shown or even argued any cause for his failure to properly pursue this issue in his APCR proceedings. Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, to the extent that Petitioner is even still pursuing this claim,[5] it is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

---

[5] Petitioner did not address this issue in his response in opposition to summary judgment.



**II.**

Petitioner also contends in Ground One of his Petition, that his plea counsel was ineffective for failing to object to the indictments because the Grand Jury did not convene on the date of the indictments. In Ground Two of his Petition, Petitioner contends that his guilty plea was involuntary. However, Petitioner has provided no facts to support Ground Two or provide any other details regarding this claim. Even after Respondent asserted in its memorandum in support of summary judgment that Ground Two should be dismissed because it was too conclusory and could not be addressed, Petitioner did not reference Ground Two in his response in opposition. Therefore, it does not appear that Petitioner is still pursuing this claim. Even so, since the Respondent did address this issue on the grounds Petitioner asserted in his PCR case, and in light of Petitioner's pro se status, the undersigned has addressed that same issue out of an abundance of caution.[6]

Petitioner raised these issues (as set forth hereinabove) in his APCR, where he had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Williams v. State of South Carolina, No. 2012-CP-02-1247.[7] Specifically, the PCR

---

[6] The PCR court addressed Petitioner's assertion that his guilty plea was involuntary on the sole ground that his plea was given under duress. (R.p. 104). To the extent Petitioner is attempting to pursue a claim that his guilty plea was involuntary on some basis not asserted in his PCR proceedings, that claim or claims would be procedurally barred. See discussion, supra.

[7] Although Petitioner's PCR appellant counsel raised a different claim in her appellate brief, since these issues were exhausted before the PCR Court and the State Supreme Court reviewed the appeal pursuant to Johnson, the undersigned has considered these issues to be exhausted for purposes of summary judgment. Cf. King v. State, 417 S.E.2d 868 (S.C. 1992) [careful consideration of entire record is required by Johnson v. State, 364 S.E.2d 201 (S.C. 1988)]; Praylaw v. McMaster, No. 04-
(continued...)



judge found that: 1) counsel was not ineffective for failing to challenge the Petitioner's indictments based on the indictments not being presented during a term of the Aiken County Grand Jury; 2) Petitioner's indictments were sufficient to give him notice of the charges and to notify the court of what judgments and sentences to pronounce; 3) Petitioner's plea counsel provided credible testimony that she did not object to the time frame for the crime listed on the indictments because in her experience the time frame listed was not objectionable; 4) the time frame listed on Petitioner's indictments was not objectionable and was sufficient to allege time and place of the crime; 5) Petitioner has failed to carry his burden of proving counsel was deficient for failing to object to his indictments; 6) there was no resulting prejudice for counsel's failure to object; 7) had counsel made the motion to quash as complained, it would have made no difference in the outcome of the charges as the motion would have been unsuccessful, and even if successful would not have stopped the State from pursuing the charges at a later date; 8) even if counsel had made an objection or otherwise moved to quash based on the date discrepancy, the outcome would have been no different as the plea court would have denied the motion to quash; 9) the indictments charging the Petitioner allege the date of the offenses were "on or about December 20, 2008"; 10) therefore, the indictments were sufficient to satisfy the requirements of law and counsel's motion to quash would have been fruitless; 11) even if the plea court had granted counsel's motion to quash the indictments on the basis that the indictments were not presented during a term of the Aiken County Grand Jury, Petitioner still could have been charged through re-indictment or direct indictment, then prosecuted and sentenced for the crimes at a later date; 12) the transcript reflects that the guilty plea was knowingly and voluntarily

---

[7](...continued)
33082, 2004 WL 3334010 at * 11 (D.S.C. Oct. 28, 2014), dismissed by, 126 Fed.Appx. 89 (4th Cir. 2005).



entered; 13) the record reflects that Petitioner had a full understanding of the consequences of his plea and the charges against him; 14) Petitioner presented no reasons why he should be allowed to depart from the truth of the statements he made during his guilty plea hearing; 15) during his guilty plea, Petitioner freely admitted his guilt to the plea court and admitted that he did participate in the spree surrounding the death of the victim; 16) counsel was a trial practitioner who had extensive experience in the trial of serious offenses; 17) counsel conferred with Petitioner on numerous occasions; 18) during conferences with the Petitioner, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Petitioner's constitutional rights, Petitioner's version of the facts, and possible defenses or lack thereof; 19) Petitioner acknowledged that he was guilty of these offenses; and 20) that Petitioner's guilty plea was freely, voluntarily, knowingly, and intelligently entered. (R.pp. 107-113). Thereafter on appeal, the South Carolina Supreme Court denied Petitioner's PCR appeal and granted his appellate counsel's motion to be relieved pursuant to Johnson, 364 S.E.3d 201. See Williams v. State, Appellate Case No. 2013-002033 (Order dated September 11, 2014).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531



U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, with regard to the ineffective assistance of counsel claim that was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient.



11

This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

After careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of Strickland and Hill. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. In addition, Petitioner has also failed to show that his guilty plea was not voluntarily and knowingly entered. The record shows that Petitioner testified at the PCR hearing that he received his discovery materials, but never reviewed them with his counsel. (R.pp. 64-65). However, Petitioner also testified that he met with his counsel four or five times, and although he testified at PCR that he didn't understand his potential sentences prior to his plea, he told the judge at his guilty plea that he understood that he was facing two life sentences, a thirty year sentence, a twenty-five year sentence, and a ten year sentence, and that all these sentences could run consecutive. (R.pp. 4-6, 74-75). Petitioner also conceded that the Solicitor had offered him a thirty (30) year deal, but that he turned it down, and that he knew when he went into the guilty plea that he could get more than thirty (30) years. (R.pp. 66-67). However, Petitioner later contradicted himself and testified that he didn't know that he could get more than thirty (30) years. (R.p. 69). Petitioner also testified at his PCR hearing that although he told the plea judge that he understood it was a non-



negotiated plea, that he really didn't understand that it was a non-negotiated plea. (R.p. 68). Finally, Petitioner testified that he never raised the issue regarding the indictments because he was not aware of that potential issue until after his plea. (R.p. 65).

Petitioner's plea counsel testified that she had been practicing criminal law for fifteen (15) years, that she had five or six meetings with the Petitioner, that she also talked with Petitioner over the phone, and that her investigator or others from her office also met with him. (R.p. 79). Counsel testified that she gave Petitioner the discovery and discussed points of it along the way with him, and characterized the State's evidence against the Petitioner as very strong, primarily given his own statements he had made to law enforcement. (R.pp. 79-81). Counsel also testified that she told the Petitioner that he was facing two potential life sentences, and that while Petitioner was easy to work with, he had unrealistic expectations. (R.pp. 81-82). Counsel testified that Petitioner was not willing to accept the negotiated thirty (30) year sentence, so he knew that he was taking a chance as to whether he would be sentenced to more or less than thirty (30) years when he pled guilty. (R.pp. 82-83). Counsel also testified that she explained the maximum possible penalties on all of Petitioner's charges prior to his guilty plea. (R.pp. 88-89). With respect to the indictments, Counsel testified that she did not see any potential defects with the indictments. (R.p. 80).

The record from the guilty plea itself reflects that counsel testified she had advised Petitioner of the charges, the maximum penalty or punishment, its direct consequences, and of all of his constitutional rights. (R.pp. 4-6). Petitioner also testified that he understood these matters and rights. (R.pp. 6-12). Petitioner then expressed his wish to plead guilty and affirmed that he understood that he was giving up his constitutional rights to a jury trial, to remain silent, and to confront witnesses. (R.pp. 11-12). Petitioner also testified that no one had promised him anything,



13

that no one had threatened him to get him to plead guilty, that he was satisfied with his attorney's services, and that there was not anything else that he wanted his counsel to do on his behalf. (R.p. 13). Petitioner then reaffirmed a second time that he was totally and completely satisfied with his counsel's services, that he was pleading guilty of his own free will and accord, that he broke the law as outlined in the indictments, and that he was in fact guilty. (R.pp. 13-16). Additionally, it is clear in the record that the plea court also went over the facts of the case and Petitioner's rights prior to the acceptance of the plea, following which Petitioner admitted he had committed the crime and entered his plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both.'"] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

This record clearly shows that Petitioner was aware of his potential maximum sentences prior to entering his guilty plea, and that he was not coerced into pleading guilty. Cf. Rivers v. Strickland, 213 S.E.2d 97, 98 (S.C. 1975)["The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea]; State v. Passaro, 567 S.E.2d

14



862, 866 (S.C. 2002)[Same]; State v. Oleary, 393 S.E.2d 186, 187 (S.C. 1990)["impermissible for a defendant to preserve constitutional issues while entertaining a guilty plea; the trial court may not accept the plea on such terms"]. There is no basis in this record to overturn the findings of the State Court, as Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. The undersigned can therefore discern no reversible error in the state court findings. See Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"].

With regard to the indictments, Petitioner contends that the plea court lacked subject matter jurisdiction because the date on the indictment was not the date that the Grand Jury convened. See Memorandum in Opposition to Summary Judgment, pp. 1-2. However, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]. Further, the "sufficiency of an indictment or information is primarily a question of state law;" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418 (8th Cir. 1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the



deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989). There is no evidence of any such deficiency in this case.

First, the South Carolina Supreme Court noted in Winns v. State,

> that our decision in this case is consistent with the recently published opinion of State v. Gentry, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. See S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005). In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." Gentry, 610 S.E.2d 494, 500-501 (S.C. 2005). Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in an indictment is not even a subject matter jurisdiction claim. See Madden v. Warden, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of Gentry]; State v. Means, 626 S.E.2d 348, 352 (S.C. 2006)[same]; see also Mazyck v. Knowlin, No. 09-1222, 2009 WL 2447981 at * 1

16



(D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; Evans v. State, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Further, even prior to Gentry, there is no basis on which to find that the indictment here was defective. The PCR court explained that, with regard to the dates on the indictments, the normal practice in South Carolina is that the Grand Jury meets before the term of court and passes on all the indictments, signing and dating them at that time. (R.p. 92). They then come in on the first term of court and present those indictments to the judge and clerk of court, and therefore the date of the indictment would not be during the term of court. (R.p. 92). The record reflects that the PCR judge also inquired as to whether Petitioner's counsel had found any case law to support her claim that this was a ground for relief, and Petitioner's counsel replied "no", adding that although Petitioner felt strongly about it, that she did not believe that it was a colorable claim. (R.p. 93). The PCR court then rejected Petitioner's claim of ineffective assistance of counsel for failure to object to the indictments; (R.pp. 107-109); and the undersigned can find no reversible error in this finding. Cf. Bryant v. Cartledge, No. 13-316, 2014 WL 108354 at **13-16 (D.S.C. Jan. 9, 2014)[discussing the setting of South Carolina state court terms of court and not granting relief based on a claim of ineffective assistance of counsel for failing to assert an indictment was invalid for being true billed on a date not listed as being during a term of court]. It is noted that the South Carolina Supreme Court also reviewed the PCR court's decision after considering Petitioner's Johnson appeal and denied the petition in its entirety. See Order filed September 11, 2014.



With respect to the indictments themselves, the indictments clearly named the Petitioner, and there is no question that Petitioner knew the charges being leveled against him. (R.pp. 4-12); see Gentry, 610 S.E. 2d at 499, n. 6 ["[A]n indictment is needed to give notice to the defendant of the charges against him"]. Nor is there any evidence to support a finding that the indictments issued in this case were "fatally defective" or made Petitioner's plea "egregiously unfair". Ashford, 780 F.2d at 407; Johnson, 930 F.2d at 447; see State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]. The State court further found that not only were the indictments not defective, but that even if they were, Petitioner suffered no prejudice because he could have simply been reindicted; [R.pp. 107-109]; and since there is no basis in the record before this Court on which to find a due process violation, Petitioner is not entitled to federal habeas relief on this claim. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson, 2007 WL 2579570 at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew, 2007 WL 4302429 at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000).

In sum, Petitioner has failed to show he suffered any prejudice due to counsel's failure to object to the indictments or with respect to advice given at or prior to his plea. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.];

18



Hill, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].  Therefore, Petitioner has not shown that he is entitled to relief on these claims, and they should be dismissed.  Evans, 220 F.3d at 311-312; Bell v. Jarvis, supra; 28 U.S.C. § 2254(e)(1); see also Fisher, 215 F.3d at 446-447.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 18, 2015
Charleston, South Carolina



19

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

