**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

|  |  |  |
|---|---|---|
| Travonte Williams, | ) | |
| | ) | Civil Action No. |
| | ) | 9:14-cv-03903-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment filed on January 5, 2015. (ECF No. 16.) Petitioner, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 10.)[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) and (e) for the District of South Carolina, the matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On February 18, 2015, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that the court grant Respondent's Motion for Summary Judgment. (ECF No. 21.) Petitioner has filed an Objection to the Report. (ECF No. 29.) For the following reasons, the court **ADOPTS** the Report (ECF No. 21) and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 16).

## I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

---

[1] Petitioner appears to have inadvertently omitted the even page numbers of his initial Petition (See ECF No. 1.) However, on November 10, 2014, Petitioner filed an Amended Petition that included all pages. (See ECF No. 10.)

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted in the June 2009 term of the Aiken County Grand Jury for two counts of first degree burglary, one count of murder, one count of armed robbery, and one count of grand larceny.  (ECF No. 21 at 2 (citing ECF No. 15-1).)  During the December 2010 term, Petitioner was indicted for second degree arson.  (Id.)  On May 31, 2011, Petitioner pleaded guilty to all charges, with the plea providing that he be allowed to plead to the lesser included offense of voluntary manslaughter on the murder charge.  (Id.)  Thereafter, Petitioner was sentenced to twenty-five years for voluntary manslaughter, fifteen years for the first degree burglary conviction – to be run consecutively with the voluntary manslaughter sentence, fifteen years for the second burglary conviction – to be run concurrently with the first burglary sentence, fifteen years for the armed robbery conviction – to be run concurrently with the burglary sentences, and fifteen years for the second degree arson conviction – to be run concurrently with the burglary sentences.  (Id.)

Petitioner did not appeal his convictions and/or sentences.  (Id.)  On May 21, 2012, Petitioner filed an application for Post-Conviction Relief ("PCR") raising the following issues: (1) "guilty plea was involuntary - plea given under duress," (2) ineffective assistance of counsel in that counsel failed to object to improperly returned indictments, (3) "trial/plea court lack[ed] jurisdiction – indictments were returned by grand jury not legally convened."  (Id. at 2-3 (citing ECF No. 15-1 at 39-51).)  On July 12, 2013, an evidentiary hearing was held.  (Id. at 3.)  On August 19, 2013, the PCR Judge issued an Order denying Petitioner's application.  (Id.)  Petitioner appealed the denial of his application.  (Id.)  On appeal, Petitioner's counsel filed a Johnson petition seeking to be relieved and raising the following issue:[2]

> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when plea counsel

---

[2] See Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (approving the withdrawal of counsel in meritless appeals of PCR actions by following Anders procedure).

2

failed to fully advise Petitioner of the maximum sentence he could receive when he pled guilty and where Petitioner testified that he would not have pled guilty if he would have known that he could be sentenced to more than thirty years imprisonment?

(Id. at 3 (quoting ECF No. 15-3 at 3).)  On September 11, 2014, the South Carolina Supreme Court denied certiorari and granted Petitioner's counsel's request to be relieved.  (Id. (citing ECF No. 15-5).)  Petitioner filed the instant Petition raising the following issues:

> **Ground One**: Sixth and Fourteenth Amendment were violated[.] Counsel fail[ed] to fully advise Petitioner of maximum sentence.
> **Supporting Facts**: Counsel fail[ed] to object to indictments they were fraudulent where the Grand Jury didn't convene[ ] on the day it was true bill.
> **Ground Two**: N/A.
> **Supporting Facts**: Involuntary guilty plea.

(Id. at 4 (quoting ECF No. 10 at 5, 7).)  Respondent filed a Return and a Motion for Summary Judgement.  (ECF Nos. 15, 16.)  The Magistrate Judge issued a Report granting Respondent's Motion for Summary Judgment (ECF No. 21) and Petitioner filed an Objection (ECF No. 29).

## III.  LEGAL STANDARD

### A.  *The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

### B.  *Relief under § 2254*

In almost all circumstances, petitioners seeking relief pursuant to § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Additionally, a court's review of a § 2254 petition is limited by subsection (d) which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim– (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d). A state court's decision is contrary to clearly established federal law where it "applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of this [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). In contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. "The focus of federal court [habeas] review is on the state court

decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998).

## IV. ANALYSIS

### A.  *The Report and Recommendation*

The Magistrate Judge found that Petitioner's claims were either procedurally defaulted and/or without merit.  Regarding Petitioner's ineffective assistance of counsel claim for failure to advise of the maximum sentence, the  Magistrate Judge found that the PCR court had not ruled upon this issue, and therefore, that this claim was procedurally defaulted.  (See ECF No. 21 at 5 (citing Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305, at *3 (D.S.C. Sept. 25, 2009) (finding that petitioner's issue was procedurally barred where the PCR court had not ruled upon the issue and petitioner had not filed a motion to alter or amend to request a ruling in regard to the issue)).) The Magistrate Judge added that although this issue was raised in Petitioner's PCR appeal, it had not been properly preserved for appellate review, and was therefore procedurally barred.  (Id. (citing White v. Burtt, No. 06-906, 2007 WL 709001, at *1, *8 (D.S.C. Mar. 5, 2007)).)  As this issue was exhausted in state court, the Magistrate Judge concluded that federal habeas review was precluded absent a showing of cause and prejudice, actual innocence, or a showing that a fundamental miscarriage of justice would occur.  (Id. at 6-7 (citing George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture.")).)  Because Petitioner did not argue any cause for failing to properly pursue this issue in PCR court, the Magistrate Judge concluded that this claim was barred.  (Id. at 7.)

Next, the Magistrate Judge concluded that Petitioner's counsel was not ineffective for failing to object to the Indictments because the Grand Jury had not convened on the dates of the

5

Indictments.  (Id. at 12.)  The Magistrate Judge explained that the PCR Judge had addressed and rejected this claim.  (Id. at 8-9 (adding that the district court employs a deferential standard of review), 17.)  Applying the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which considers whether counsel's performance was below the objective standard of reasonableness and whether counsel's deficient performance prejudiced the defendant, the Magistrate Judge concluded that Petitioner had failed to demonstrate that his counsel was ineffective.  (ECF No. 21 at 8-12, 18 (finding inter alia that the Indictments were not "fatally defective" and that Petitioner was not entitled to federal habeas relief on this claim).)

Lastly, the Magistrate Judge found that Petitioner was not coerced into pleading guilty.  (Id. at 14-15.)  At the outset, the Magistrate Judge recounted how the PCR Judge had addressed and rejected Petitioner's claim that his guilty plea was involuntary.  (Id. At 8-10.)  Considering Petitioner's counsel had testified that she had advised Petitioner of the charges and punishment and that he had testified that he understood his rights and that no one had threatened him, the Magistrate Judge concluded that he was not coerced into pleading guilty.  (Id. at 14-15 (adding that Petitioner had not provided any evidence that he did not intend to plead guilty).)

   B.  Petitioner's Objections

Petitioner appears to raise three objections.  First, Petitioner maintains that his trial or plea counsel failed to conduct a reasonable investigation to discover evidence tending to rebut any aggravating evidence introduced by the state.[3]  (See ECF No. 29.)  Second, Petitioner

_____

[3] The court observes that Petitioner also states that his plea counsel did not "inform [him] that [his] 2009 first degree arson indictment was no long[er] any good so in 2010 [he] had a second degree arson indictment that [he] didn't know anything about until [his] [PCR] stage.  I didn't find out that they [nolle] process the first degree because they could not prove in.  I didn't have no recollection of any of this until I filed for my P.C.[R]."  (ECF No. 29.)  The court misunderstands where this objection stands in relation to the Report.  Because this argument is insufficiently articulated, the court cannot address this objection.  See Howard v. Secretary of HHS, 932 F.2d 505, 509 (6th Cir. 1991) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." (quoting Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988))).

contends that he was prejudiced when his appellate counsel, without his knowledge, filed a Johnson petition to be relieved from his case. (Id. (maintaining that he could not help himself if he didn't know what he needed to study).) Finally, Petitioner argues that his guilty plea was involuntary because the prosecution misrepresented the materiality of the evidence. (Id.)

### C. The Court's Review

At the outset, the court finds that Petitioner's objections lack the requisite specificity. Petitioner's first objection is a conclusory statement and does not provide any detail as to what his counsel should have discovered. See Robinson v. Director, TDCJ-CID, No. 6:07cv407, 2008 WL 65136, at *4 (E.D. Tex. Jan. 4, 2008) ("A convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed and how it would have altered the outcome of the case." (citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989))). As for Petitioner's claim that his appellate counsel filing a Johnson Petition left him unprepared, the court observes that Petitioner had the opportunity to prepare and include his arguments in the instant Petition. Moreover, Petitioner had an additional opportunity to provide specific objections to the Report. Finally, the court finds Petitioner's third objection to be a conclusory statement lacking specificity. Petitioner fails to identify the evidence that was misrepresented and to demonstrate how the prosecution misrepresented the materiality of that evidence. Accordingly, Petitioner's objections are without merit.

## V.  CONCLUSION

For the aforementioned reasons, the court **ADOPTS** the Report (ECF No. 21) and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 16).

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

7

September 16, 2015
Columbia, South Carolina